UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH DeLUCA, and
EDS CARE MANAGEMENT,
INC.,

     Plaintiffs/Counter-Defendants,             Case No. 14-12175

vs.                                        HON. AVERN COHN

AMICA MUTUAL INSURANCE
COMPANY,

     Defendant/Counter-Plaintiff.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT (Doc. 55)
## AND
## HOLDING MOTION FOR SUMMARY JUDGMENT IN ABEYANCE (Doc. 52)
## AND
## SETTING DEADLINES FOR FILINGS

I. Introduction

This is an insurance dispute. Plaintiffs/Counter-defendants, Elizabeth DeLuca

(DeLuca) and EDS Care Management, LLC (EDS) (collectively, where appropriate,

EDS) sued defendant/counter-plaintiff Amica Mutual Insurance Company (Amica)

seeking payment of personal protection insurance (PIP) benefits under Michigan's

No-Fault Act from defendant.  The PIP benefits are for the care of Stephanie Rudd, the

insured.

Before the Court is Amica's motion for summary judgment on the grounds that

EDS is not a licensed "adult foster care facility" as required under the Adult Foster Care

Facility Licensing Act, M.C.L. § 400.701 and is therefore not entitled to payment of PIP

benefits for the "adult foster case services" it provided.  (Doc. 52)

Also before the Court is Amica's motion to dismiss on the grounds that EDS, as a

service provider, is not entitled to seek benefits on behalf of the insured. (Doc. 55) This motion is based on the Michigan Supreme Court's decision in Covenant Med. Ctr., Inc. v. State Farm Mut. Auto. Ins. Co., 500 Mich. 191 (2017) that medical service providers, such as EDS, have no statutory cause of action to collect PIP benefits directly from no-fault insurers, such as Amica.

For the reasons that follow, Amica's motion to dismiss is DENIED AS MOOT. Amica's motion for summary judgment is HELD IN ABEYANCE. The parties shall file additional papers as outlined below.

## II. Background

### A. Factual Background

This dispute arises from an automobile accident that occurred on December 26, 2002 in which then 14 year old Stephanie Rudd (Rudd or the insured) suffered what was later to be determined as a traumatic brain injury. Rudd requires around the clock care. At the time of the accident, Rudd was insured under an automobile policy held with Amica, through her father. As an insured, Rudd is entitled to PIP benefits.

Eventually, DeLuca was appointed Rudd's legal guardian. DeLuca owns EDS. At some point, Amica stopped paying EDS's claims for PIP benefits.

Amica then filed the instant motion for summary judgment based on its amended answer and counterclaim. (Doc. 52) and a separate motion to dismiss based on Covenant. (Doc. 55).

## III. Motion to Dismiss

Amica contends that EDS cannot make out a plausible claim against it in light of the decision in Covenant. The Court recently explained the holding in Covenant.

2

The Michigan Supreme Court explicitly stated in <u>Covenant</u> that "our conclusion today is not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." <u>Covenant</u>, 500 Mich. at 217 n.40. Thus, while a health care provider no longer has a statutory cause of action against insurers, it may still have a contract-based cause of action if there has been a valid assignment of rights. <u>See Id</u>. at 217 n.39 (acknowledging that contractual causes of action may still exist). An insurer has standing to "challenge an assignment if that challenge would render[ ] the assignment absolutely invalid or ineffective, or void." <u>Conlin v. Mortg. Elec. Registration Sys., Inc.</u>, 714 F.3d 355, 361 (6th Cir. 2013) (quoting <u>Livonia Props. Holdings, LLC v. 12840–12976 Farmington Rd. Holdings, LLC</u>, 399 F. App'x 97, 102 (6th Cir. 2010)) (internal quotation marks omitted).

<u>Grimmett v. Encompass</u>, No. 14-14646, 2017 WL 5592897 (Nov. 21, 2017) at *2.

Both parties overstate or misapprehend the holding in <u>Covenant</u>. Amica suggests that <u>Covenant</u> precludes <u>any</u> action by a provider. Not so. As the Court noted in <u>Grimmett</u>, a provider may bring an action against an insurer if there is a valid assignment of rights from the insured to the provider.

EDS says that <u>Covenant</u> should not have full retroactive effect and suggests that Amica waived its right to invoke <u>Covenant</u>. The Michigan Court of Appeals has rejected this argument. <u>See</u> <u>W A Foote Mem'l Hosp. v. Michigan Assigned Claims Plan, No. 333360</u>, 2017 WL 3836645, at *14 (Mich. Ct. App. Aug. 31, 2017).

Perhaps in anticipation of the Court's ruling, the parties submitted a stipulated order allowing EDS leave to amend the complaint to include an assignment of rights count. The Court has entered the order. Entry of the order renders Amica's motion to dismiss moot.

## IV. Motion for Summary Judgment

Under the Adult Foster Care Facility Licensing Act (AFCFLA), it is unlawful to maintain an adult foster care facility unless licensed by the state. M.C.L. § 400.701.

Under the No-Fault Act, PIP benefits are only payable for services that are lawfully performed.  <u>See</u> M.C.L. § 500.3157.  Amica says that because EDS is not a licensed adult foster care facility, it is not entitled to be paid PIP benefits.  EDS does not appear to dispute that it is not licensed under the AFCFLA, but says that Amica is essentially challenging EDS's incorporation which has nothing to do with whether benefits can be paid.

While Amica seems to have the better view, <u>see</u> <u>Healing Place at N Oakland Med. Ctr. v. Allstate Ins. Co.</u>, 277 Mich. App 51, 59 (2007); <u>Psychosocial Serv. Assoc., PC v. State Farm Mut. Auto Ins. Co.</u>, 279 Mich. App 334, 338 (2008); <u>Keys of Life v. Auto-Owners Ins. Co.</u>, 2016 WL 7493759 (Dec. 27, 2016), a decision in favor of Amica may not end the matter entirely.  <u>See</u> <u>Keys of Life</u>, 2017 WL 7493759 at * 5.  However, as explained below, this issue is not ripe for consideration.

V.  Conclusion

Under <u>Covenant</u>, EDS may seek reimbursement of benefits directly from Amica if it has a valid assignment from the insured.  EDS shall file its assignment of rights claim within fifteen 15 days.  Amica may file a motion to dismiss the assignment of rights claim within thirty (30) days thereafter.

If the Court determine that EDS has a valid assignment, it will then address

Amica's motion for summary judgment.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 1/30/2018
Detroit, Michigan